## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| T&AA CONSTRUCTION, LLC | ) | |
| | ) | Case No. 1:25-cv-02514 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TILLMAN DEVELOPMENT | ) | |
| COMPANY, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO DISMISS AND/OR COMPEL ARBITRATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Tillman Development Company, LLC ("TDC"), by and through its undersigned counsel and pursuant to 9 U.S.C. § 4, DC Code § 16-4405, Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 56 and Local Rule 7, hereby files this Motion to Dismiss and/or Compel Arbitration with respect to the Complaint filed against it by Plaintiff T&AA Construction, LLC ("TAA" and/or "Plaintiff"), and for cause states as follows:

Plaintiff filed a two (2) count Complaint against Defendant TDC in the Superior Court of the District of Columbia, since removed by TDC to this Court. The underlying contract between the parties contains a binding agreement to arbitrate "any controversy or claim arising out of or related to this Contract or its alleged breach." As such, the Complaint is subject to dismissal, summary judgment and/or a motion to stay and compel arbitration pursuant to, inter alia, DC Code § 16-4407 and/or 9 U.S.C. § 3.

## STANDARD OF REVIEW

The Federal Arbitration Act ("FAA") provides that a contract requiring the arbitration of disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Wolff v. Westwood Mgmt., LLC*, 558 F.3d 517, 520, 385 U.S. App. D.C. 1 (D.C. Cir. 2009) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)).

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement[,]" 9 U.S.C. § 4, *i.e.*, a motion to compel arbitration.

The District of Columbia Circuit has instructed that motions to compel arbitration should be evaluated under Federal Rule of Civil Procedure 56's summary judgment standard "as if it were a request for summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." *Aliron Int'l, Inc. v. Cherokee Nation Indus., Inc.*, 531 F.3d 863, 865, 382 U.S. App. D.C. 134 (D.C. Cir. 2008) (internal quotations and citations omitted).

The party seeking to compel arbitration bears the burden of proving that the other party agreed to arbitrate, *Camara v. Mastro's Rests. LLC*, 952 F.3d 372, 373, 445 U.S. App. D.C. 496 (D.C. Cir. 2020), and therefore "must first present evidence sufficient to demonstrate an enforceable agreement to arbitrate," *Fox v. Comput. World Servs. Corp.*, 920 F. Supp. 2d 90, 96 (D.D.C. 2013) (internal quotations and citations omitted).

If the moving party makes that showing, "[t]he burden then shifts to the non-moving party to raise a genuine issue of material fact as to the making of the agreement." *Id.* The Court will grant the

motion to compel arbitration "if the pleadings and the evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.*

The District of Columbia Arbitration Act provides essentially the same relief.  See generally, DC Code § 16-4401 *et seq.*

## STATEMENT OF MATERIAL FACTS

1.    TAA filed a two (2) count Complaint against TDC in the Superior Court for the District of Columbia, which was removed to this Court on August 1, 2025.  See, ECF 1-1.

2.    The Complaint was based upon a contract for construction entered into between TDC and TAA on June 18, 2023 (the "Contract").  ECF 1-1 at pages 11-13.

3.    The Contract contained a binding agreement to arbitrate "any controversy or claim arising out of or related to this Contract or its alleged breach."  ECF 1-1 at 13.

4.    The Complaint is a controversy or claim arising out of the Contract and as such, is subject to binding arbitration.  ECF 1-1.

## ARGUMENT

Pursuant to both the Federal Arbitration Act as well as the District of Columbia Arbitration Act (DC Code § 16-4401 *et seq*), an agreement to arbitrate is "valid, enforceable and irrevocable."  DC Code § 16-4406; 9 USC § 2.

As such, TDC exercises its right to demand arbitration of the allegations raised by TAA in its Complaint, and for either the dismissal, summary judgment or stay of the Complaint pending arbitration.

Respectfully submitted,

**KATZ LAW**

BY:     _/s/ Joseph L. Katz_____
        Joseph L. Katz  MD# 28029
        1370 Lamberton Drive, Suite 16
        Silver Spring, Maryland  20902
        (410) 499-2615
        joe@joekatzlaw.com

        **Attorneys for Defendant**
        **Tillman Development Company, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2025 I served a copy of the foregoing via email and first-class, postage pre-paid U.S. mail to:

Samantha J. Hall
Matthew G. Sawyer
Salvado, Salvado & Salvado, P.C.
30 Courthouse Square, Suite 100
Rockville, Maryland  20850
matthew@salvadolaw.com
shall@salvadolaw.com

**Attorneys for Plaintiff**
**T&AA Construction, LLC**


        /s/ Joseph L. Katz_____
        Joseph L. Katz

4